NATHAN H. FARNSWORTH, Plaintiff in Error, *v.* MILTON M. AGNEW, Defendant in Error.

ERROR TO MONROE.

An action of ejectment is within the purview of the statute requiring security for costs; and if the plaintiff is a non-resident he must give security for costs before instituting suit; which is commenced by serving the declaration and notice.

If it appears from the bill of exceptions, that a plaintiff in ejectment was a non-resident at the time of the service of the declaration and notice, although the affidavit of the defendant to that fact is not saved in the bill of exceptions, the judgment dismissing the action for want of security will be upheld.

THIS was an action of ejectment, in the Monroe Circuit Court, to recover certain land lying in that county. The

plaintiff in error filed his declaration, with the usual notice, on the 12th day of April, 1858, and also a bond for costs in the usual form. On the same day plaintiff moved for a rule on defendant to plead in twenty days, and defendant entered a cross-motion to dismiss said suit for want of a bond for costs. On these motions an affidavit, by Morrison, defendant's attorney, was presented to the court, and then amended by striking out certain words, being in effect that the bond for costs was indorsed on the original declaration filed, and not on the copy served on defendant. That affiant told plaintiff's attorney on the first day of the term, that he did not believe that said bond for costs was put on the declaration when it was served, and was informed by said attorney that it was not written on it at the time of service, but was put on as soon as he ascertained plaintiff was a non-resident. George Abbott presented an affidavit that the bond for costs was filed with the declaration. This was all the evidence; and judgment was rendered against said plaintiff for costs, and said suit dismissed; to which decision of the court, plaintiff below at the time excepted, and appealed to this court, assigning for error that the court below erred in dismissing said suit.

W. H. UNDERWOOD, for Plaintiff in Error.

OMELVENY & KENNEDY, for Defendant in Error.

WALKER, J.  The bond for costs in this case was not filed, until after the service of the declaration and notice on defendant in error. A motion was entered to dismiss the suit for want of such a bond filed before suit was instituted, which motion was allowed and the suit dismissed, which is assigned for error. The first section of the cost act, requires, that in all cases in law or equity where the plaintiff or person for whose use an action is commenced, shall not be a resident of this State, the plaintiff or person for whose use the action is to be commenced, shall, before he institutes such suit, file or cause to be filed with the clerk of the Circuit or Supreme Court in which the action is to be commenced, an instrument in writing of some responsible person, a resident of the State, to be approved by the clerk, whereby such person shall acknowledge himself bound to pay or cause to be paid all costs which may accrue to the opposite party or to any of the officers of the court. That this is an action contemplated by the statute is undeniably true. And if the plaintiff was a non-resident of the State when it was commenced, he was bound to conform to

this requirement, by filing such an instrument before suit was commenced.

But as there is no process issued by the clerk, to be served upon the defendant, as in other cases, the question arises, when is an action of ejectment commenced? By the fifth section of the chapter regulating that proceeding, it is provided that "the action shall be commenced by the service of a declaration, in which the name of the real claimants shall be inserted as plaintiffs." The tenth section, provides that a written notice shall be annexed to the declaration, directed to the defendant. The eleventh section requires the service to be made upon the defendant by delivering a copy of the declaration and notice, etc. Now there seems to be no question that when a copy of the declaration and notice shall be served as required, that the suit is commenced. And if so, the first section of the cost act is imperative that the bond for costs must be filed before that time, or the suit may be dismissed on motion of the defendant. If the plaintiff in this case was a non-resident, then this suit was properly dismissed, as the bond was not filed in time.

It is, however, urged, that the affidavit that plaintiff was a non-resident when suit was commenced not being embodied in the bill of exceptions, is no part of the record. This is certainly true as has been uniformly held by this court. And unless there is something otherwise appearing in the record from which it may be inferred, the court erred in dismissing the suit. It appears that the defendant entered a motion to dismiss because the plaintiff was a non-resident and had not filed a bond for costs before the suit was commenced. To this motion plaintiff's attorney filed his affidavit which is embodied in the bill of exceptions, alleging that the bond for costs was filed with the original declaration, as an answer to the motion to dismiss. It also appears from the bill of exceptions that plaintiff's attorney informed defendant's attorney that the bond was written upon the declaration before it was filed and as soon as he ascertained that plaintiff was a non-resident. From this it appears that plaintiff was admitted to be a non-resident, and there is nothing which rebuts that admission. This is sufficient to warrant the conclusion that he was not a resident of the State. The court below therefore did right in dismissing the suit, and the judgment is affirmed.

*Judgment affirmed.*