WESTERN UNION TELEGRAPH COMPANY *v.* GRAHAM.

DISMISSING WRIT OF ERROR — *effect.* If plaintiff voluntarily dismiss his writ when his cause is regularly before the court, this will operate to affirm the judgment of the court below.

If the writ be dismissed for irregularity therein no such effect will follow.

Where a writ was dismissed for want of a cost bond a new writ may be prosecuted in the same cause.

BOND — *execution of, by corporation.* The bond of a corporation was executed by an attorney in fact appointed by the president, pursuant to a resolution of the executive committee of the corporation. Upon motion to vacate the order allowing supersedeas, *held,* that the bond was well executed.

### *Error to Arapahoe District Court.*

UPON motion to vacate order allowing supersedeas and to dismiss the writ of error.

Messrs. CHARLES & ELBERT, in support of the motion.

Mr. ALFRED SAYRE, *contra.*

The chief justice did not sit at the hearing.

BELFORD, J. Two points are presented, on which it is claimed that this motion to dismiss the writ of error should be sustained. First, that a former writ of error was sued out in this case, and voluntarily dismissed by the plaintiff in error. It is conceded in the argument that the cause of the dismissal of the first writ of error was the failure of appellant to file a cost bond. The statute provides, section 14, page 153, that in all actions in law and equity when the plaintiff or person for whose use an action is to be commenced shall not be a resident of this territory, the person for whose use such action shall be commenced, shall, before he institutes such suit, file, etc., with the clerk, etc., a bond for costs, and on failure so to do, the cause shall be dismissed. If no action had been taken by the plaintiff in error in reference to the dismissal, it is clear that the court, on motion of the defendant in error, would have struck the cause from the docket.

In the case of *Hax* v. *Leis, post,* 187, where the same principle was to some extent involved, we held, that to make a dismissal of an appeal operate as a bar to a subsequent appeal or writ of error, the appeal must have been dismissed, not for a defective record or insufficient bond or the like, but for a failure to prosecute the appeal after it had been regularly

and properly in the supreme court. A writ of error is a new suit, and before it can be prosecuted, if the plaintiff in error is a non-resident, he must file a cost bond. If he fails to do so, he has no standing in court; his case cannot be heard on the merits, if objection be made. It is not regularly and properly in court, and by dismissal for a failure to comply with the required conditions on which it can be alone prosecuted, it cannot act as an affirmance of the judgment below, or as a bar to a subsequent writ of error. When a dismissal operates as a bar to subsequent proceedings, the cause dismissed must have been in the appellate court regularly and properly in a position to have been heard upon its merits. And being in this position, if the party fails to prosecute his cause in the appellate tribunal, and the same is dismissed, he must abide the consequences, whatever these may be, and cannot be heard at another time. It may be urged, that in allowing a party who has dismissed one writ of error to sue out another we give encouragement to a loose and careless practice. This may be true, but to adopt any other rule would be attended with the most serious and hurtful consequences to the rights of litigants. 1 Duer, 252; *Korth* v. *Light*, 15 Cal. 326; *United States* v. *Pacheco*, 20 How. 263. The second ground assigned for the motion is, that the bond or bonds, for there are two, are defective and insufficient. The first bond and the one on which the writ of error was had, and the supersedeas allowed, purports to be executed by the Western Union Telegraph Company, by Alfred Brewer, its attorney in fact. It is objected that there is no sufficient evidence before this court, showing that Alfred Brewer was authorized to execute this bond. The bond bears date June 30, 1869, and was filed and approved the same day. It further appears from an exhibit in the case, that at a meeting of the executive committee of the board of directors of the Western Union Telegraph Company, held at the principal office of the company in the city of New York, on the 22d day of May, 1869, a resolution was unanimously adopted by said executive committee, authorizing the president of the company and directing him

to make, execute and deliver to Alfred Brewer, of Denver, in Colorado territory, a sufficient power of attorney, in the name and under the seal of the company, authorizing said Brewer, in the name and for the benefit of the company, to execute and deliver any bond, undertaking, security or stipulation in writing, being provided for or required by the laws of Colorado, which it may be necessary to make or give upon the institution or in the prosecution or defense of any and all suits, etc., wherein the telegraph company is a party, which may be now or hereafter brought, etc., in any court of Colorado territory. It further appears from a copy of the by-laws of said company, filed with the bond, that the executive committee shall have the power of the board of directors of the corporation in the management of the business of the company.

Pursuant to the resolution above referred to, the president of the company executed a power of attorney, authorizing Mr. Brewer to make the bond in question, and under and by virtue of such power of attorney, which is filed in the case, the bond was executed. Does this evidence show the consent of the company to Mr. Brewer to execute the bond? We think it does. The evidence, in part, is a transcript of the record of the corporation, and, by that record, the corporation will and must be bound. Even if the facts were different than they appear on the face of the record, that recital must be conclusive on the company. It may be said as to all corporations created by special statutes, that, in the statute of incorporation, either expressed therein, or by reference to the more general statutes respecting incorporations of that character or use, they have an authority and capacity granted therein to establish such rules and regulations as shall be necessary for the well ordering of the affairs thereof. We are, therefore, to look at their rules and their mode of doing business, of well ordering their affairs, which they themselves have adopted, and if they have particularly, or by the rules established, neglected or dispensed with any precautions which, at common law, were deemed essential to the security of the aggregate cor-

porations, if there is sufficient evidence of a common consent, or a just and corporate act, they must be considered as liable when individuals would be injured or deprived of their remedy if any other construction of the doings of the corporation were adopted. While it is true that no individual can represent the corporation in their aggregate capacity, but, in consequence of their consent, still they have powers given them to order their affairs and to appoint and employ agents by votes, or in such other manner as the corporation, by their by-laws, may direct. *Hayden et al.* v. *Middlesex Turnpike Co.*, 10 Mass. 403, 404. In the case of *The American Insurance* v. *Oakley et al.*, 9 Paige, 496, it was held by Chancellor WALWORTH that a corporation may be bound by the acts of its agents, although such acts have not been authorized by a deed or power in writing under its corporate seal, or even by a written instrument not under seal, except in cases when, by the statute of frauds or otherwise, the contract, if made by a natural person, must be reduced to writing to be valid. And again he says : "When the president of a corporation authorizes an attorney or solicitor to prosecute or defend a suit, or to commence any legal proceedings in which the corporation is interested, the attorney or solicitor will be authorized to appear for the corporation, and such corporation will be bound by the acts of their attorney, and if the president exceed his authority in retaining such attorney or solicitor, the corporation must look to him for any damages sustained in consequence of such unauthorized act." It is not necessary to multiply the authorities on this point. Under the decision above referred to, how does Brewer stand? As the attorney of the corporation, clothed with the power to prosecute this suit, and to do all things needful for its prosecution ; and if the minutes of the corporation were less clear than they are on this subject, still, under the power of attorney executed by the president of the corporation, he would have the authority to execute the bond ; and, when executed by him pursuant to such warrant of attorney, it would bind the corporation.

I have not deemed it advisable to discuss the objections made to the second bond, for the reason that, if the first bond is sufficient (and such we adjudge it to be), the supersedeas could not be overruled.   Besides, the second bond, if worth any thing, inures solely to the benefit of the defendant in error, and he certainly can have no especial desire to lessen and diminish the number or character of the securities now at his command.

The motion to vacate the supersedeas and dismiss the writ of error will be denied.

*Motion denied.*