65  157
49a 606

## HIRAM TWINING

*v.*

## WILLIAM MARTIN.

1. BOND FOR COSTS—*where plaintiff is a non-resident—motion to dismiss for non-compliance with the statute.* A motion made by the defendant in a cause, to dismiss the suit, on the ground that the plaintiff had filed no bond for costs, as required by the statute in case of the non-residence of the plaintiff, before the commencement of the suit, is of a character not looked upon with much favor, and slight evidence is sufficient to overcome the *prima facie* case made by the party making the motion.

2. NEW TRIAL—*verdict against the evidence.* Except in cases where the verdict is manifestly against the weight of the evidence or where it plainly appears to have been the result of passion or prejudice, this court is always reluctant to disturb the finding of the jury upon the facts.

3. INSTRUCTIONS. Where the substance of an instruction asked by a party was contained in another of the series given on his behalf, it was *held* not to be error to refuse to give it a second time.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. A. O. MARSHALL, and Messrs. BRECKENRIDGE & GARNSEY, for the appellant.

Messrs. OLIN & PHELPS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced by appellee against appellant, in the Will circuit court, to recover the value of certain articles of personal property alleged to have been left with the appellant in 1869 to be by him kept until called for.

In the spring of 1870, appellant having a claim against one Jacob Martin, the father of appellee, who had previously left the State, caused an attachment to be issued, and levied on the property in controversy, and such proceedings were had that the property was subsequently sold by the officer making the levy. The appellee having made a demand for the property, and appellant not being able to deliver it, brought this action in trover to recover its value. A trial was had which resulted in a verdict for the appellee, on which the court entered a judgment, from which the appellant now prosecutes this appeal.

The first suggestion of error is the court erred in overruling appellant's motion to dismiss the suit on the ground that appellee was a non-resident, and had filed no bond for costs, as the statute requires in case of non-residence, before the suit was commenced. The appellee entered a cross-motion for leave to file a bond for costs, which was allowed and a bond given. The motions were supported by the affidavits of the respective parties and others. Such motions, though authorized by the statute, are not looked upon with much favor. They are purely dilatory in their character, and, of course, do not affect the merits of the controversy. Slight evidence has always been held sufficient to overcome the *prima facie* case made by the party making the motion. In this instance the court could properly find from the counter-affidavits that appellee was not a non-resident of the State at the date of the commencement of the suit, but afterwards became a non-resident, and having so found, there was no error in permitting the appellee to file a bond for costs.

It is next urged that the verdict is against the evidence, and that the damages found are excessive.

We have carefully considered the evidence in the record, and find it to be conflicting as to the true ownership of the property and its value. In case the jury relied on, and gave credence to the evidence produced on behalf of appellee, they could find that he was the sole owner of the property. The witnesses differ widely in their estimates of the value of the property, some placing it as high as seven hundred and fifty dollars, and others as low as one hundred dollars. In the conflicting state of the evidence, it was the duty of the jury to reconcile it as well as they could, and having done so, we are not prepared to say that they found incorrectly. The jury had a better opportunity to judge of the credibility of the several witnesses from seeing them and their manner of delivery, than we can possibly have from reading the mere record of their testimony, which must necessarily be more or less inaccurately recorded. It is not to be expected that an appellate court can obtain as clear an understanding of the meaning of testimony from the record, however accurately made, as the jury who hear it from the lips of the several witnesses as it is delivered, and who witness the candor with which it is spoken. Oral testimony may be said to have a spirit which can never be transcribed into the record, and can only be fully appreciated by those who hear it pronounced. Except in cases where the verdict is manifestly against the weight of the evidence, or where it plainly appears to have been the result of passion or prejudice, we are always reluctant to disturb the finding of the jury upon the facts.

In view of the conflicting character of the evidence we are not willing, in this case, to disturb the verdict. That appellee was entitled to a verdict for some amount, we see no reason in the evidence to doubt. It may be that the amount found does injustice to appellant, but of that fact the jury were the better judges, and with their finding we must be satisfied.

It is also urged that the court erred in giving and refusing instructions.

The instructions, when considered together, present the law applicable to the facts with sufficient accuracy, at least we can see nothing in the series given for the appellee that would tend to mislead the jury on the issues involved.

The substance of the instruction asked by appellant and refused by the court was contained in the fourth of the series given on his behalf, and there was no error in refusing to give it a second time.

No error affecting the merits of the case appearing, the judgment must be affirmed.

*Judgment affirmed.*