### TALPEY v. DOANE et al.

SECURITY FOR COSTS — *upon suing out a writ of error* from this court to a district court, a non-resident of the territory must give security for costs, as required by the statute. R. S. 153.

*Error to District Court, Arapahoe County.*

Mr. CHARLES, of counsel for defendants in error, now moved to dismiss the writ because the plaintiff, being a non-resident, had not filed a bond for costs, as required by chapter 19, R. S. An affidavit was filed in support of the motion.

Mr. L. B. FRANCE, *contra.*

BELFORD, J. The motion to dismiss is founded on an affidavit, wherein it is averred that at the date of suing out the writ the plaintiff in error was a non-resident of the territory of Colorado, and that no cost bond had been filed, as provided by law. There is another statement in the affidavit " That Talpey left said territory in the month of November, A. D. 1872, as this affiant, on diligent inquiry, has been informed and believes to be true, and has never since returned." It is objected that this averment is not sufficient to put the plaintiff to the proof of his residence. Conceding that it is so, still the first averment is clear and unequivocal, and the effect is not impaired by what follows. The last may be treated as mere surplusage. The suing out of a writ of error is the commencement of a new suit, and the plaintiff, if a non-resident, must file a cost bond before he can acquire a standing in court. *Ripley* v. *Morris*, 2 Gilm. 381. The plaintiff has filed no counter affidavits, disputing the allegation of non-residence, but rests his defense to the motion on the insufficiency of the affidavit. In this case he has leaned on a broken reed. It was suggested that inasmuch as the record was filed in the supreme court on the 28th of March, 1872, the commencement of the suit must be held to date from that day, and that this affidavit does not show the non-residence of the plaintiff at that time. In answer to this suggestion it is sufficient to say that it is the suing out of the writ, and not the filing of the record, that is regarded as the commencement of the suit. It is the writ that puts the machinery of the court in motion. The writ sustains a rela-

tion to the record somewhat similar to that of a summons to a bill in chancery, or a declaration at law. The issuing out of either is the first process of the court, the first step taken in the cause.

*Motion allowed.*