## FILLEY v. CODY.

Upon suing out a writ of error from this court, a non-resident of the State
must give security for costs, as required by the statute. Nor can the filing
of a bond for a *supersedeas* accomplish that purpose, or in any sense waive
the necessity of filing security for costs.

*Error to District Court of Gilpin County.*

Messrs. SAYRE, WRIGHT & BUTLER, for plaintiff in error.

Messrs. H. M. TELLER & W. TELLER, for defendant in
error.

THATCHER, C. J. The defendant in error moves the court
to dismiss the writ on the ground that no bond for costs
has been filed as required by section 1, chapter XIX of the
Revised Statutes.

The motion is supported by an affidavit setting up that
the plaintiff in error was a non-resident when the writ was
sued out. This is not sought to be controverted by counter
affidavits.

The statute declares in mandatory terms that if any action
shall be commenced without filing a cost bond, the court
on motion shall dismiss the same. The language is une-
quivocal, and leaves nothing to the discretion of the court.
*Western Union Telegraph Co.* v. *Graham*, 1 Col. 183;
*Talpey* v. *Doane et al.*, 2 id. 299; *White* v. *Wilson*, 5
Gil. 20. But it is contended, that as a bond for a *super-
sedeas* was filed simultaneously with the suing out of the
writ, no cost bond was necessary; that the *supersedeas*
bond served the same purpose as the cost bond. Is this
true?

A bond for a *supersedeas* is conditioned "for the pay-
ment of the judgment, costs, interests and damages, in case
judgment shall be affirmed, and also for the due prosecu-
tion of the writ of error." The cost bond obligates the
sureties "to pay, or cause to be paid, all costs which may

accrue in this action, either to the opposite party, or to any of the officers of this court, pursuant to law."

The provisions of the two bonds are essentially different. The *supersedeas* bond is limited in its operation. Unless the judgment of the lower court be affirmed, there can be no breach of the condition, and consequently no recovery of costs. It is intended for the protection of the defendant in error. In any event, whether the judgment of the lower court be affirmed or reversed, each party is liable to the officers of this court for his own costs. The payment of all costs occasioned by the plaintiff in error without regard to the ultimate judgment of the court is secured by the cost bond. The officers of the court are protected. If there were no cost bond; if the officers of the court had to rely upon the *supersedeas* bond for the costs made by the plaintiff in error, then in the absence of a judgment against him for costs, his security would not be liable for any.

The purpose of the statute requiring a cost bond is evident. The filing of a bond for a *supersedeas* does not, as we have shown, accomplish that purpose, nor in any sense waive the necessity of filing a cost bond. We are all of opinion that the motion to dismiss must prevail. The writ will be dismissed.

*Dismissed.*