SUTRO and others *v.* SIMPSON and others.*

*(Circuit Court, D. Colorado.* November 14, 1882.)

1. SUIT BY NON-RESIDENT—BOND FOR COSTS.

Under the statutes of Colorado, a suit brought by a non-resident of the state must, on motion by defendant in apt time, be dismissed, unless bond for costs was executed and filed at the time of the commencement of the suit. To execute the bond two days after the action is instituted will not avail.

2. SAME—REMOVAL TO FEDERAL COURT.

Though no bond for costs is required in case of suit originally brought in the United States court, yet when a cause is removed from the state court to the federal court, the latter begins where the former left off; and motion to dismiss for want of bond for costs having been entered in the state court, and pending at the time of removal, will be heard in the federal court, and determined in accordance with the law applicable to the motion when made.

On Motion to Dismiss.

*Sleeth & Liddell,* for plaintiffs.

*M. J. Waldheimer,* for defendants.

HALLETT, D. J. This action was brought in the district court of Arapahoe county, on the twenty-seventh day of May last, to recover the sum of $4,500. Concurrently with the summons, plaintiffs took out a writ of attachment, which was levied on defendants' goods, and, together with the summons, was served on defendants on that day. It is conceded that plaintiffs then were, and still are, citizens and residents of the state of New York, and that at the time of bringing the suit no bond for costs was filed, as required by chapter 20 of the Revised Statutes of the state. Two days later, and on the twenty-ninth day of the same month, such a bond was filed and approved by the clerk, and on the same day, but whether before or after the filing of the cost bond is not shown, defendants entered a motion to dismiss for want of a bond. On the first of June following, the cause was removed into this court on plaintiffs' petition, setting up the necessary facts as to the citizenship of the parties; and defendants, not having otherwise appeared, now urge their motion before the court.

Numerous cases are cited from the reports of this state and from

*From the Colorado Law Reporter.

the state of Illinois, in which a similar statute was in force for some time, to the effect that the statute is imperative and must be observed. *Talpey* v. *Doane*, 2 Colo. 298; *Filley* v. *Cady*, 3 Colo. 221; *Hickman* v. *Haines*, 5 Gilman, 20.

The language of the act cannot be misinterpreted. After providing in the first section that security shall be given in a form which is prescribed, the first clause of the second section is as follows: "If any such action shall be commenced without filing such instrument of writing, the court, on motion, shall dismiss the same, and the attorney for the plaintiff shall pay all costs accruing thereon."

The statute of Indiana, which was interpreted in *Cox* v. *Hunt*, 1 Blackf. 146, contained no such direction. In the absence of such provision it may be reasonable to say that the defendant should be satisfied with security given when it is demanded. With such a provision in the law, it must be apparent that nothing short of absolute denial of the authority of the legislature can prevail against it. Nor is the bond for costs under a statute of this kind an element of jurisdiction. By failing to object in apt time the defendant may waive it, and the court will have authority to proceed without it. *People* v. *Cloud*, 50 Ill. 439.

But the power of the court to proceed in a case where no objection is raised by defendant is not the matter in issue. That question is, whether, upon motion made in due time by defendant, the statute shall be enforced; and upon that there is no room for debate.

It is contended, however, that the motion to dismiss cannot be maintained in this court, inasmuch as the act of congress of 1875 declares that the action shall stand in this court as if originally brought therein; and no bond for costs is required of non-residents or others in suits brought in this court. The language of section 3 of the act of 1875 on that subject is as follows: "And the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."

It would be most extraordinary to regard this clause as depriving either party of any substantial right which could have been asserted in the state court, if the cause had remained in that court. In a case of defective service of process, and after removal by plaintiff, it will hardly be claimed that the defendant will be precluded from objecting to the service by the requirement that "the cause shall proceed." Obviously the intent of the statute is to confer on the circuit court, in respect to such cases, as full and ample authority as is held in

cases brought in that court. But this is not saying that a question which properly arose in the state court before the removal of the cause, and which remains undetermined, shall not·be considered in the circuit court.

The manner of bringing the suit, and its progress while it remained in the state court, was subject to the law of the state, which may be administered here as well as in the state court. And the circumstance that the question could not have been raised in this court, if the suit had been brought here, is of no importance. The paragraph cited from the act of 1875 is jurisdictional to the court, and not a limitation of the rights of parties.

In the supreme court and in this court it has been held that in a cause removed from a state court to a federal court, the latter begins where the former leaves off. *Duncan* v. *Gegan*, 101 U. S. 810; *Brooks* v. *Farwell*, 2 McCrary, 220; [S. C. 4 FED. REP. 166.]

We take the cause as we find it. Whatever has been determined in the state court is accepted in the circuit court as conclusively settled, subject to the jurisdiction of the supreme court to review it on writ of error or appeal. Whatever remains undetermined at the time of the removal is to be·decided in the circuit court according to our own modes of proceeding, but with full recognition of all substantial rights. The motion to dismiss was filed in the district court of the state in due time, and by the removal of the cause into this court the plaintiffs could not defeat either the right to have the motion heard, or the effect of it when it should be heard. If defendants had made the application to remove, perhaps the aspect of the case would be different; not because of any obstacle to the motion in this court, but the application to remove as an appearance by defendants, and a step taken in the cause, might have been regarded as a waiver of the objection respecting the cost bond. But that view is not presented by the record. Plaintiffs brought the case here voluntarily, and defendants have not in any way changed the attitude assumed by them in the district court of the state. The bond filed two days after the suit was brought, without leave of the court, was not in compliance with the statute. It will be observed that the language of the act refers to the commencement of the suit as the time for filing the bond for costs; and it is in terms declared that if the suit shall be commenced without filing the bond, it shall be dismissed. However hard the law may appear to be, the remedy is with the legislature, and not in the courts. The suit will be dismissed at the cost of the plaintiffs' attorneys.