## CARTER PUBLISHING CO. v. DENNETT *et al.*

1. Under Comp. Laws, § 6141, providing that a justice of the peace shall require security for costs from nonresident plaintiffs before issuing a summons, the filing of security is not a condition precedent to the jurisdiction of the justice to issue summons and proceed to final judgment on default.

2. The receipt of rent by the owner of premises after rendition of a judgment in his favor in an action for possession, which rent was due prior to the suit, is not a waiver or abandonment of the judgment.

3. Where the answer admitted that plaintiffs had been tenants of defendants, but alleged that they were then wrongfully in possession, and, on the trial, defendant's counsel stated, "it is admitted in the pleadings" that plaintiffs "are tenants of the defendants," it is presumed that it was not intended thereby to make any further admission than was made in the pleadings.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action for an injunction.  From a judgment for defend-
ants, plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*John A. Holmes*, for appellant.

· The judgment can and should be enjoined.  Pollock v.
Gilbert, 16 Ga. 398, 60 Am. Dec. 732; Hilbard v. Eastman, 47
N. H. 507, 93 Am. Dec. 467.  A justice of the peace has no
power to issue a summons in a case where the plaintiff is a non-
resident, until security for costs is furnished.  § 6141, Comp.
Laws.  Leonosio v. Bartilino, 7 S. D. 93; Penrose v. McKinzie,
116 Ind. 35; Orowicki v. Ferrich, 106 Mich. 41.

*Dillon & Sutherland*, for respondents.

The objection that security for costs was not given comes
too late after judgment.  The provision for security is for the
benefit of the defendant; it is not jurisdictional, and may be
waived.  Parks v. Goodwin & Hand. 1 Doug. (Mich.) 56; Bank
v. Jessup, 19 Wend. 10; Carpenter v. Aldrich, 3 Metc. 58;
Trustees v. Walters, 12 Ill. 154; Alford v. Jacobson, 46 Wis.
574; Walker v. Russel, 35 N. W. 443.


CORSON, P. J.  This is an action brought by the plaintiff
to restrain the defendant Strayer, as sheriff of Hughes county,
from in any manner interfering with the possession of the
plaintiff of the premises occupied by it by virtue of an execu-
tion issued out of the justice's court on a judgment by default
rendered in February, 1897, in favor of Lizzie Dennett and
Fred Dennett, as plaintiffs, against the Carter Publishing Com-
pany, in an action of forcible entry and detainer.  This action
was instituted by the present plaintiff upon the theory—First,
that the said judgment was void for the reason that the plain-

tiffs therein were nonresidents of the state, and filed no secur-
ity for costs; second, that the plaintiffs in that action had, in
in effect abandoned or waived the said judgment by treating
the said defendant therein as a tenant, and accepting rent from
it subsequent to the rendition of said judgment.    The case was
tried by the court without a jury, and it found the facts, and en-
tered judgment in favor of the defendants herein, from which
the plaintiff appealed.

The appellant contends that the judgment was void for the
reasons before stated, and bases its contention upon Section
6141, Comp. Laws, which reads as follows:    "The justice shall
in all cases where plaintiff is a nonresident of the territory, or
foreign corporation, before issuing a summons, require of the
plaintiff sufficient surety for costs.    *   *   *   In all other cases
the justice may, in his discretion, require surety for costs."
Appellant insists that the provisions of this section are manda-
tory, and that a compliance therewith is necessary to give the
justice's court jurisdiction; but, in our view, this contention is
not tenable.    The statute is mandatory, in that it is the duty
of the justice, upon the application of the defendant, and upon
satisfactory evidence that the plaintiff is a nonresident of the
state, to require the plaintiff to file such security for costs,
and upon his failure to comply with an order so made within a
reasonable time, the action may be dismissed.    But filing se-
curity for costs is not a condition precedent to the exercise of
jurisdiction by the justice.    His jurisdiction is defined and lim-
ited by the statute, which does not include, as a condition for
the exercise of such jurisdiction, security for costs, and the
statute does not make the giving of security for costs a condi-
tion on compliance with which the summons shall issue.    Nor

does it provide that the summons shall be void, or be quashed or set aside, if such security shall not be given. The court, having general jurisdiction of the subject-matter and of the party, may proceed to final judgment, unless the defendant move to set aside the summons for this defect. Such motion, when made, should prevail; unless the plaintiff in the action furnish the required security. But when the defendant fails to appear in the action, or move the court that security be given, the objection is deemed to be waived and the defect cured. Michigan and Wisconsin have provisions similar to those found in Section 6141, Comp. Laws, and it has been held in those states that the failure to file security in the first instance does not affect the jurisdiction of the court. Parks v. Goodwin, 1 Doug. 56; Conrad v. Cole, 15 Wis. 545; Taylor v. Wilkinson, 22 Wis. 40; Alford v. Jacobson, 46 Wis. 574, 1 N. W. 233. In the latter case, the supreme court of Wisconsin, after commenting upon the two former decisions of that court, uses the following language: "Were the question now first presented, we think we would have no difficulty in holding, on principle, that the failure of a nonresident plaintiff to give security for costs, in a case pending before a justice of the peace, does not deprive the justice of jurisdiction to render judgment against the defendant."

The court below, among others, makes the following finding: "(5) That said judgment before D. W. March, justice of the peace, was at the time of the issuing of said execution, and at the time of the granting of the temporary writ of injunction, and at this time is, in full force and effect; that same had not been satisfied or canceled in any manner and that said execution or writ of restitution was duly and properly issued,

and  was  in  full force and effect, and that said sheriff had full right and authority to proceed under the same.'' Appellant excepted to this finding upon the ground that the evidence established the fact that the Carter Publishing  Company was treated as a  tenant, and  rent  received  from  it, subsequent  to the rendition of said judgment, and that the judgment was thereby waived or abandoned.    It appears  from  the  evidence  that in March, 1897, the agent of Lizzie Dennett and Fred Dennett received from the plaintiff $200, and  in  June  following the sum of $88; but it is also disclosed by  the  evidence that these sums were received on account of rent due prior to February  of that year.    The evidence also  shows  that  between  February and August 5th, when the present action was instituted, A. L. Carter, the managing  agent  of  the  Carter  Publishing Company, and Mr. Dillon, agent and  attorney of  the  Dennetts, had numerous conversations in regard to a new lease of the premises, but they failed  to agree  upon  any  terms, and no lease was in fact made.    The evidence in regard to these conversations was somewhat conflicting, and  this  court  cannot  say  there was a preponderance of the evidence against the finding of the court.

The counsel for appellant contends that it was admitted on the trial that this plaintiff was  tenant, at the  time of the trial, of the Dennetts.   We  think  counsel  claims  too  much for the admission made.    It appears from the evidence that the Carter Publishing Company had been in the possession  of  the premises since  1890, and  held  under  the Dennetts  under a  lease made in 1894.    The defendants in their answer  admit that said company had been in  possession  of  the premises  since 1894, but  allege that since February 12, 1897, it had wrongfully and unlawfully occupied said premises.    On the trial. while Mr. A.

L. Carter was on the stand as a witness, he was asked: "Q. Did the plaintiffs ever at any time occupy these premises as a tenant? A. They did. Q. And when did the tenancy begin? Mr. Dillon: We object to the question, for the reason that it is incompetent. It is admitted in the pleadings in this case that they are tenants of the defendants, Lizzie Dennett and Fred Dennett." It must be presumed, we think, that the admission simply followed the admission in the pleadings, and that it was not intended by counsel to make any further admission than that stated in the pleadings. The judgment of the circuit court is affirmed.