KIESEL et al. v. DISTRICT COURT OF SIXTH JUDICIAL DIST. IN AND FOR SEVIER COUNTY et al.

No. 6019.   Decided November 30, 1938.   (84 P. 2d 782.)

*Carvel Mattsson,* of Richfield, for plaintiffs.

*Larson & Larson,* of Manti, for defendants.

WOLFE, Justice.

Certiorari to test the jurisdiction of the court to proceed with the trial of an action against public officers after denying a motion to dismiss the complaint for failure to file an undertaking securing costs as provided by Chapter 148, Laws of Utah 1937. Plaintiff below sued the marshal and

night marshal of Salina City, and the surety on their bonds, for false arrest, but he failed to file with the complaint the undertaking provided for by Chapter 148, Laws of Utah 1937, which provides as follows:

"In any action brought against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process, when any such action arises out of, or in the course of, the performance of his duty, or in any action upon the bond of any such officer, the prevailing party therein shall, in addition to an award of costs as otherwise provided by law, recover from the losing party therein such sum as counsel fees as shall be allowed by the court. The official bond of any such officer shall be liable for any such costs and attorney fees. Before any such action is filed, and as a condition precedent thereto, the proposed plaintiff shall prepare and file with, and at the time of filing, the complaint in any such action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court, conditioned upon the diligent prosecution of such action, and, in the event judgment in the said cause shall be against the plaintiff, for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff, including a reasonable attorney's fee to be fixed by the court."

The defendants after summons served moved to quash the summons and dismiss the suit. Thereupon, the attorney for plaintiff below filed a motion for an order permitting him to file security for costs and attorney's fees. The court granted this motion giving twenty days to comply and denied the motion to dismiss the plaintiff's suit. The officers contend that the court only had jurisdiction to dismiss and no jurisdiction to proceed. We think the statute was for the benefit of the officers, and that if they desired they could have waived the requirement and proceeded with the suit. If they could have waived it and the court had proceeded, the filing of the undertaking as a condition precedent to proceeding with the suit is not jurisdictional, although it may be mandatory on the court to dismiss the action on motion and reversible error not to do so.

In many cases it has been held that statutes requiring security for costs should be liberally construed to obviate dis-

missal of actions; that so long as the defendants obtained the security they were entitled to, even though belatedly, they have not been prejudiced. *Forbes* v. *Delta Land & Water Co.,* 57 Utah 200, 193 P. 1097; *Millbank* v. *Broadway Bank,* 3 Abb. Prac., N. S., N. Y., 223; *Fowler* v. *Fowler,* 15 Okl. 529, 82 P. 923; *Twining* v. *Martin,* 65 Ill. 157. But the statutes were in none of those cases so specific and mandatory as the one now before this court. We have been unable to find a statute similar in wording to the one here in question. Here the wording is to the effect that the undertaking must be filed "before any such action is filed, and as a condition precedent thereto" which is immediately qualified by what follows in that the undertaking need be filed only contemporaneously with the filing of the complaint—the language continuing, "the proposed plaintiff shall prepare *and file with,* and at the time of filing, the complaint in any such action, a writen undertaking," etc. (Italics added.) Nothing is said about dismissal of the suit for failure to file. Where the language of a statute has provided that a bond shall be filed "before he institutes suit" or "before commencing such action the plaintiff must file a sufficient surety for costs" the courts have divided as to whether the dismissal on motion is mandatory. In *Fowler* v. *Fowler,* supra, where the statute required filing of security before service of summons the court held the motion should have been to quash service of summons and not to dismiss the action, because, as the court said [page 924]:

"There is no law in this territory which requires a plaintiff to give security for costs *as a condition precedent* to filing a petition." (Italics added.) The language in our statute does provide as a "condition precedent thereto."

In *Van Denburgh* v. *Superior Court,* 44 Ariz. 306, 36 P. 2d 793, a writ of prohibition was sought to prevent further action by the court after failure to comply with the court's order requiring bond in the time fixed. The statute provided:

"* * * The court shall fix the amount of the bond and the time within which the same shall be given. * * * If the plaintiff fail so to do within the time fixed by the court the action *shall stand dismissed.*" (Italics added.) Rev. Code Ariz. 1928, § 3790.

The petitioner argued there, as here, that the statute was mandatory and the court powerless to proceed, but the court felt bound to a more liberal construction. It said [page 794] :

"The language of the statute is apparently unambiguous, and were the matter one of first impression in this jurisdiction, we would be inclined to hold that it means what it says."

The South Dakota court also was bound by practice in the state in construing, in *Raich* v. *Weisman*, 57 S. D. 182, 186, 187, 231 N. W. 897, a statute which provided:

"In cases in which the plaintiff is a nonresident of the state or a foreign corporation, before commencing such action the plaintiff must furnish a sufficient surety for costs. * * *" Rev. Code S. D. 1919, § 2625.

In construing this statute the court said [page 899] :

"While the statute is mandatory in form, it has been the uniform practice to permit a nonresident a reasonable time after demand therefor, to furnish such security. But, when demand has been timely made and security has not been required or if required has not been furnished as ordered, the error will justify a reversal. *Towle* v. *Bradley,* supra [2 S. D. 472, 50 N. W. 1057]. See, also, *Meade County Bank* v. *Bailey,* 137 Cal. 447, 70 P. 297; *Bergh* v. *John Wyman Farm Land & Loan Co.,* 30 N. D. 158, 152 N. W. 281."

In *Edgar Gold & Silver Mining Co.* v. *Taylor,* 10 Colo. 110, 14 P. 113, the statute required non-residents to file a bond in certain actions "before he institutes such suit" and further provided:

"If any such action shall be commenced without filing such instrument of writing, the court, on motion, shall dismiss the same * * *." Gen. Laws Colo. p. 189, c. 20, §§ 1, 2.

The court thus interpreted and construed that language [page 114] :

"This court has repeatedly held that this language is unequivocal, and leaves nothing to the discretion of the court. *Filley* v. *Cody,* 3 Colo. 221; *Western Union Tel. Co.* v. *Graham,* 1 Colo. 182; *Talpey* v. *Doane,* 2 Colo. 298, 299. It follows that filing the bond subsequently to the commencement of the suit, and whether before or after the motion to dismiss is interposed, cannot avail the plaintiff. *Farnsworth* v. *Agnew,* 27 Ill. 42; *Sutro* v. *Simpson,* 14 F. 370."

In interpreting the same language in an Illinois statute the court in *Smith* v. *Robinson,* 11 Ill. 119, declared:

"The Court has no discretion in the matter, and there is no room for construction, where the terms of the statute are clear and unambiguous. The legislature had an undoubted right to pass the law in question, and it is enough for the Court to know, that thus it is written."

And we hold in this case that the legislature meant what it said and there was no discretion in the court to permit filing of the undertaking after the motion to dismiss the complaint. The undertaking must be filed, or handed to the clerk for filing, before the complaint is filed.

But is this a jurisdictional requirement, as it must be for remedy by certiorari? R. S. U. 1933, 104-67-8; *Ray* v. *Cox,* 83 Utah 499, 502, 30 P. 2d 1062?

We think not. The language of Sec. 1 of Chapter 148, Laws of Utah 1937, while positive and mandatory, when considered altogether makes the requirement only that the undertaking be filed contemporaneously with the complaint. This certainly is no stronger than the language of the statutes which require the bond to be filed before commencing action. But we think the legislature intended to make the requirement so positive and unequivocal as to require the court to dismiss the suit if the bond was not filed at least contemporaneously with the complaint *if motion to dismiss was timely made.* Otherwise, the court could continue to take jurisdiction.

It is true that in several cases where it was held that the failure to file a bond securing costs was not jurisdictional

the statutes by their wording appeared to contemplate cognizance of the case either until the other party required security or until the expiration of a period allowed by the court. *Williams* v. *Superior Court,* 7 Cal. App. 2d 436, 45 P. 2d 1027; *Becker* v. *Schmidlin,* 153 Cal. 669, 96 P. 280; *Tennessee Central Ry. Co.* v. *Vance,* 1926, 3 Tenn. App. 152; *Carter Pub. Co.* v. *Dennett,* 11 S. D. 486, 78 N. W. 956.

In the two California cases cited the statute (Act 4317, Deering's General Laws of California, 1937, Statutes, 1871-72 p. 533) required a bond in libel or slander actions "before issuing the summons therein" and provided that "an action brought without filing the undertaking required shall be dismissed." Section 1. But a further section of the statute provides:

"If the undertaking as required be not filed in five days after the order therefor, the judge or court shall order the action to be dismissed." Section 6.

The Carter Publishing Case holds that failure to furnish security is not jurisdictional but goes on to say: "But filing security for costs is not a condition precedent to the exercise of jurisdiction by the justice." This case might imply that if made a condition precedent it could be jurisdictional. And the California case of *Shell Oil Co.* v. *Superior Court,* 2 Cal. App. 2d 348, 37 P. 2d 1078, 1081, indicates the limitation upon the cases holding this matter is jurisdictional under the California statutes. This case also dealt with security for costs in a libel or slander suit, and the court held:

"We are of the opinion that, where no bond has been filed, or where an insufficient bond has been filed, after timely motion of the defendant to supply the necessary bond has been made, the court is without authority to refuse the application or to proceed with the trial in its absence. Under such circumstances prohibition is the proper remedy to prevent the exercise of an excess of jurisdiction."

In *Hutto* v. *Walker County,* 185 Ala. 505, 510, 64 So. 313, 315, Ann. Cas. 1916B, 372, it was said:

"The filing by the contestant of a bond for the payment of the costs of the contest, if unsuccessful, is of course jurisdictional, and without it the court cannot proceed with the case a single step. *Wilson* v. *Duncan*, 114 Ala. 659, 669, 21 So. 1017.

"* * * If no sufficient bond is filed within the period allowed for instituting the contest, there is in fact no contest, and the petition falls as a matter of course."

We do not think the court is without jurisdiction because of the failure to dismiss after motion to do so. If it denies the motion and continues, it commits error which will cause a reversal with instructions to dismiss, but the requirement of the court to act in a certain way is no more than that requirement in many other cases where the court ■ "must" act and fails to act. Ordinarily such failure to act as it "must" act is only error. In case the action should proceed and the plaintiff below obtains judgment and no appeal should be taken, the judgment on collateral attack would be good and certainly a judgment in favor of defendants below would be good. If it were jurisdictional and plaintiff lost, he might move to vacate the judgment and dismiss the action on the ground the court never had jurisdiction, unless under the doctrine of *State* v. *Telford*, 93 Utah 228, 72 P. 2d 626, they would be estopped.

While on review of the record we find the court was not without jurisdiction to act in the case and did not lose jurisdiction of the case after motion to dismiss was made, from what has been here said the court will be apprised of its mandatory duty to dismiss the action. The results to the plaintiffs will therefore in the end be the same as if they had prevailed in this action and for that reason we think the fair order in regard to costs is that each party should bear its own. Such is the order.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.