Tom SNYDER & Wendell K. Nash, as Taxpayers and citizens of Uintah County, for themselves and all other Taxpayers of Uintah County similarly situated, Plaintiffs and Appellants

v.

Morris R. COOK, Uintah County Clerk-Auditor, Arden W. Stewart, Sheriff of Uintah County, and Western Surety Company, a corporate bonding Co., Defendants and Respondents.

No. 18981.

Supreme Court of Utah.

Sept. 10, 1984.

---

Alvin G. Nash, Vernal, for plaintiffs and appellants.

Mark W. Nash, John R. Anderson, Vernal, for Western Surety.

HALL, Chief Justice:

Plaintiffs Tom Snyder and Wendell K. Nash filed this action on behalf of themselves as taxpayers and all other taxpayers of Uintah County. Plaintiffs' complaint alleged that Arden W. Stewart, the sheriff of Uintah County, had hired deputy sheriffs without following the procedures required for such hiring pursuant to U.C.A., 1953, § 17–30–2 (Supp.1983). Plaintiffs requested the district court to issue an injunction restraining the clerk-auditor from approving the salary claims of the allegedly illegally hired deputy sheriffs. Plaintiffs also asked for a judgment against Cook and Stewart, as individuals, and against their bonding company, Western Surety, for repayment of money already expended on the salaries of the deputy sheriffs.

The district court dismissed plaintiffs' complaint for, among other reasons, failure to post an undertaking pursuant to U.C.A., 1953, § 78–11–10, and because any action for money illegally expended by a county official must be undertaken as provided in U.C.A., 1953, § 17–5–12. We affirm.

■ U.C.A., 1953, § 17–30–2 (Supp.1983) requires that the sheriff of a county with a population of 20,000 people or more appoint any subordinate peace officers from a merit service list furnished by the Merit Service Commission. These provisions of the statute are mandatory.[1] Plaintiffs' complaint alleges that twelve persons serving as deputy sheriffs of Uintah County were not selected from a merit service list and were thus serving illegally. Plaintiffs contend that since the deputies were not legally appointed, they cannot draw a salary against Uintah County and that salaries already paid to the deputy sheriffs were paid illegally.

■ The district court ordered the case against the sheriff and the clerk-auditor dismissed since the procedure to recover money unlawfully paid by any county official is established by U.C.A., 1953, § 17–5–12. That section states:

> Whenever any board of county commissioners shall without authority of law order any money paid for any purpose and such money shall have been actually paid, or whenever any other county officer has drawn any warrant in his own favor or in favor of any other person without being authorized thereto by the board of county commissioners or by law and the same shall have been paid, the county attorney of such county shall institute suit in the name of the county against such person or such officer and his official bondsman to recover the money so paid, and when the money has not been paid on such order or warrants, the county attorney of such county upon receiving notice thereof shall commence suit in the name of the county to restrain the payment of the same; no order of the board of county commissioners shall be necessary in order to maintain either of such actions.

The language of the above statute is clear. Where a cause of action exists to recover unlawfully paid money, the county attorney of the county wherein it was alleged that funds were illegally expended must be the party to bring the action, and the action must be in the name of the county. There is no indication from the record that the county attorney of Uintah County was ever requested to bring such an action or that he refused to do so. Therefore, dismissal of plaintiffs' complaint was proper on that ground.

---

1. 17–30–2. Subordinate officers in sheriff's office to be appointed from list—Officers serving on effective date deemed qualified. (1) From and after the effective date of this act the sheriff of each county with a population of 20,000 people or more which shall regularly employ one or more peace officers *shall*, by and with the advice and consent of the board of county commissioners, and subject to the rules and regulations of the merit service commission, appoint from the classified merit service list furnished by the merit service commission, all subordinate peace officers in his department and in like manner fill all vacancies in the same and shall further promote, transfer, demote, suspend or remove peace officers in accordance with the provisions of this act. [Emphasis supplied.]

The district court further ordered dismissal of the action against Sheriff Stewart in part because the plaintiffs failed to file the undertaking required by U.C.A., 1953, § 78–11–10. That statute provides in pertinent part:

> Before any action may be filed against any sheriff, constable, peace officer, ... when such action arises out of, or in the course of the performance of his duty, ... the proposed plaintiff, as a condition precedent thereto, shall prepare and file ... a written undertaking with at least two sufficient sureties in an amount to be fixed by the court, ... for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff, including a reasonable attorney's fee to be fixed by the court ....

Plaintiffs argue that the suit should not have been dismissed on this ground because: (1) the sheriff in appointing his deputies was not acting within the course of his duties as sheriff; (2) requiring a taxpayer to post a bond before filing suit would deny that plaintiff equal protection of the laws, and; (3) lack of an undertaking can be cured so dismissal was unwarranted.

■ It is axiomatic that a sheriff, in appointing deputy sheriffs, is acting in connection with his official duties. Furthermore, the plaintiffs actually sued Sheriff Stewart for alleged violations of his duty to appoint deputies from a list certified by the Merit Commission. Thus, plaintiffs' contention that Stewart was not acting in the course of his duties is wholly without merit. As this Court said in *Zamora v. Draper:*[2]

> [W]hen it reasonably appears to the court that the alleged wrong arises out of actions in connection with, or related to, the performance of an officer's duty, a person suing him should not be able to circumvent the statute by simply alleging that the defendant acted outside his duty and thus in his private capacity.[3]

Plaintiffs' contention that the dismissal was unwarranted since the lack of an undertaking could have been cured is also without merit. Plaintiffs were given notice of the lack of undertaking and had ample opportunity to submit one. Sheriff Stewart moved to dismiss the action for lack of bond on April 26, 1982. Plaintiffs responded to that motion on May 4, 1982, but did not proffer the undertaking. Finally, on November 18, 1982, *plaintiffs* requested the trial court for a ruling on defendants' motions to dismiss. At no time was there an indication that plaintiffs offered to submit the undertaking required by § 78–11–10.

■ Plaintiffs' final argument, in essence that § 78–11–10 is unconstitutional, is without foundation. In *Zamora* this Court held that the statute requiring an undertaking was constitutional and served the public interest.[4] The Court recognized that in certain circumstances, an application of the statute which resulted in denial of access to the courts to a class of persons could rise to the level of denial of equal protection.[5] This case, however, does not appear to be such a case. Plaintiffs do not contend that they are impecunious or unable to furnish the bond or that they offered to provide the bond and were rebuffed. Thus, the plaintiffs' argument that they were denied equal protection is without merit.

The order dismissing the complaint is affirmed.

STEWART, HOWE and DURHAM, JJ., and GEORGE E. BALLIF, District Judge, concur.

ZIMMERMAN, J., does not participate herein.

■

---

**2.** Utah, 635 P.2d 78 (1981).

**3.** *Id.* at 79.

**4.** *Id.* at 80.

**5.** *Id.* at 81–82.