Cynthia RIPPSTEIN, James H. Weaver, Brenda Weaver, and Jaime Weaver, Plaintiffs–Appellants,

v.

The CITY OF PROVO, a Municipal Corporation, Provo Police Department, and Phillip A. Webber, Defendants–Appellees,

and

Jaime R. Meissner, Defendant.

No. 90–4083.

United States Court of Appeals, Tenth Circuit.

April 3, 1991.

Richard L. Hill of Olsen, Hintze, Nielson & Hill, Provo, Utah, for plaintiffs-appellants.

Gary L. Gregerson, David C. Dixon, and Vernon F. (Rick) Romney, Provo City Attorneys' Office, Provo, Utah, for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The appellants filed a wrongful death action against the City of Provo, the Provo Police Department, and Officer Phillip A. Webber. The appellants were required by Utah law to file an undertaking in order to proceed against any of the three defendants. The undertaking requirement applicable to an action against Officer Webber is contained in Utah Code Ann. § 78–11–10 (1987), which states in pertinent part,

> *Before any action may be filed* against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state, ... the proposed plaintiff, *as a condition precedent thereto,* shall prepare and file with, *and at the time of filing the complaint in any such action,* a written undertaking with at least two sufficient sureties in an amount to be fixed by the court....

(emphasis added). The action against the City of Provo and the Provo Police Department is governed by the Governmental Im-

munity Act, Utah Code Ann. §§ 63–30–1 to –18 (1989), which also contains an undertaking requirement:

> *At the time of filing the action* the plaintiff shall file an undertaking in a sum fixed by the court, but in no case less than the sum of $300....

Utah Code Ann. § 63–30–19 (1989) (emphasis added).

The appellants failed to file the required undertaking at the time of filing the complaint. Based on that failure, the appellees filed a motion to dismiss, and the district court referred the matter to a magistrate. The magistrate recommended that the appellants be given ten days within which to file the undertaking. The appellants filed the undertaking within the ten-day period. However, the district court rejected the magistrate's recommendation and determined that, under Utah law, the undertaking statutes are to be strictly construed. The court, therefore, dismissed the action against the City of Provo, the Provo Police Department, and Officer Webber; and this appeal followed.

■ The provision governing the action against Officer Webber, section 78–11–10, has been interpreted strictly by the Utah Supreme Court in *Kiesel v. District Court of Sixth Judicial District*, 96 Utah 156, 84 P.2d 782 (1938). *Kiesel* states unequivocally:

> [W]e hold in this case that the legislature meant what it said and there was no discretion in the court to permit filing of the undertaking after the motion to dismiss the complaint. The undertaking must be filed, or handed to the clerk for filing, before the complaint is filed.
>
> ....
>
> ... [W]e think the legislature intended to make the requirement so positive and unequivocal as to require the court to dismiss the suit if the bond was not filed at least contemporaneously with the complaint *if motion to dismiss was timely made.*

*Id.* 84 P.2d at 784 (emphasis in original).* The Utah court further held that failure to

---

* The pertinent language reviewed in *Kiesel* remains virtually identical in today's version of section 78–11–10.

dismiss upon a proper motion was reversible error. *Id.* 84 P.2d at 785. In more recent cases, section 78–11–10 has been upheld as constitutional. *See Snyder v. Cook,* 688 P.2d 496 (Utah 1984); *Zamora v. Draper,* 635 P.2d 78 (Utah 1981). Thus it is clear that dismissal was proper as to Officer Webber.

■ The appellants argue that, because the language of section 63–30–19 differs from section 78–11–19, *Kiesel* does not apply to their action against Provo City and the Provo Police Department. They further argue that they should be allowed to cure their error by filing an undertaking at some time after the filing of the complaint.

We find the appellants' argument unpersuasive. Sections 63–30–19 and 78–11–19 are parallel provisions applying to different potential defendants. It is likely that frequently, as here, parties covered under the two sections will be defendants in the same lawsuit. Therefore, it is logical to assume that the Utah courts would construe the two provisions similarly.

The Utah Supreme Court has not decided this precise issue, but the reasoning of *Kiesel* supports our conclusion. The court in *Kiesel* noted that section 78–11–10 is somewhat ambiguous as to the exact time when the undertaking must be filed:

> Here the wording is to the effect that the undertaking must be filed "before any such action is filed, and as a condition precedent thereto" which is immediately qualified by what follows in that the undertaking need be filed only contemporaneously with the filing of the complaint—the language continuing, "the proposed plaintiff shall prepare *and file with,* and at the time of filing, the complaint in any such action, a written undertaking."

84 P.2d at 783 (emphasis in original). The court concluded that this required filing of the bond "*at least* contemporaneously with the complaint." *Id.* 84 P.2d at 784 (emphasis added). While section 63–30–19 does not contain the words that created the ambiguity in section 78–11–10—"before any such action is filed" or "as a condition precedent to"—it still contains the unam-

biguous language, "at the time of filing the action." We think this language is sufficiently positive to indicate that an undertaking must be filed contemporaneously with the complaint in order to be timely under section 63–30–19.

Having decided the issue of timeliness, we turn to the proper remedy for failure to timely file the undertaking. A recent Utah case, *Hansen v. Salt Lake County,* 794 P.2d 838, 840 (Utah 1990), states that the appropriate remedy for failure to make a timely filing of an undertaking under section 63–30–19 is dismissal without prejudice.

■ Finally, this case is unusual because the appellants previously filed the same suit in state court, failed to timely file an undertaking in the state court, and had the precise question which we address here decided against them by the state trial judge. While we are not bound by the state trial court's opinion, at the very least it provides evidence of what the state courts would do in this circumstance. *See Rippstein v. City of Provo,* No. CV 88 1459 (Utah Dist.Ct. Nov. 2, 1988); *Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986) (when predicting state law, in absence of specific guidance from highest state court, federal court looks, *inter alia,* to lower state court decisions). Therefore, we hold that the district court properly dismissed the action against defendants City of Provo and Provo Police Department.

The order of the district court is AFFIRMED.