**Andrea C. ORTEGA, as the Personal Representative of the Estate of Anaya Buenaventura Ortega, Plaintiff,**

**v.**

**PLEXCO, a DIVISION OF CHEVRON CHEMICAL CORPORATION, a Delaware corporation, Mc Elroy Manufacturing, Inc., an Oklahoma corporation, and Three Way Constructors, Inc., a Texas corporation, Defendants.**

**No. 90–942–M Civil.**

United States District Court,
D. New Mexico.

Sept. 23, 1991.

Turner W. Branch, Branch Law Firm, Albuquerque, N.M., for plaintiff.

R.E. Thompson, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N.M., for PLEXCO, a div. of Chevron Chemical Corp., a Delaware Corp.

Peter G. Prina, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N.M., for McElroy Mfg., Inc., an Oklahoma Corp.

Michael T. Worley, Sanders, Bruin, Coll & Worley, Roswell, N.M., for U.S. Fidelity & Guar. Co.

## MEMORANDUM OPINION AND ORDER

MECHEM, Senior District Judge.

This matter came on for consideration on the motion of defendant Plexco for partial summary judgment and/or motion in limine. Having considered the motion, the response, and the reply and being otherwise fully advised in the premises, I find that Plexco's motion is well taken in part and shall be granted in part and denied in part.

### Background

This is a diversity action brought by Andrea C. Ortega as personal representative of the Estate of Anaya Buenaventura Ortega for recovery of damages based on claims of product liability and negligence.

It is undisputed that on March 30, 1988, Mr. Ortega was killed after being struck in the face and head by a 20–inch diameter polyethylene pipe. At the time of his death, Mr. Ortega was an employee of Collier Construction Company. An articulating fork lift was being used to load the pipe into the McElroy 824 Fusion Machine at the time of the incident. Defendant Plexco, a division of Chevron Chemical Corporation, manufactures, develops, tests, inspects, markets, and distributes polyethylene pipe.

### Discussion

In its motion, Plexco asks first for summary judgment on damage claims made by plaintiff for hedonic damages or lost value for enjoyment of life and the intrinsic value of life. Plexco next requests dismissal of plaintiff's claim concerning the loss of parental guidance and counseling services. Alternatively, Plexco asks for an order in limine disallowing the introduction of evidence or argument concerning these claims. Finally, Plexco asks for summary judgment against the plaintiff for her claim for punitive damages.

Summary judgment is granted when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Plaintiff argues first that Plexco's motion for summary judgment is untimely because plaintiff received it one day after the deadline for the filing of motions. The order setting deadlines stated that dispositive motions be filed by August 8, 1991. Plexco's motion was filed on that date. Therefore, it has complied with the order and the motion should not be denied.

Second, plaintiff contends Plexco's motion should be denied because issues of material fact are in dispute. The facts which plaintiff sets forth in the first and second paragraph of this section as being contested, are not material to the issue of hedonic damages and the loss of parental guidance. Furthermore, for purposes of Plexco's motion to dismiss the claim for loss of enjoyment of life, the time of Mr. Ortega's death is immaterial. Accordingly, I address the question of hedonic damages first as it applies to wrongful death and second as it applies to pain and suffering experienced by the decedent between the time of injury and the time of death. UJI–CIV 13–1830 (1978).

■ In her complaint, plaintiff requests damages for the value of the enjoyment of life. Hedonic damages are those "[d]amages awarded in some jurisdictions for the loss of enjoyment of life or for the value of life itself as measured separately from the economic, productive value that an injured or deceased person would have." *Black's Law Dictionary* at 391 (6th Ed.1990). Plexco argues that this claim is not supported under New Mexico law in the context of wrongful death. I agree. In a

**300**

diversity case, a federal court must determine what the state law is and apply it. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). I addressed this exact question in my memorandum opinion and order in *Valderaz v. Texaco,* Civ. No. 90–690–M (D.N.M.1991). In that case, I explained that no basis exists for allowing recovery of hedonic damages in New Mexico in the context of a wrongful death claim. *Valderaz* at 10.

■ Plaintiff points to an unreported State District Court case in which a jury awarded monetary damages for the value of life itself. *Emery Wesley Jones, Personal Representative of the Estate of Jo Marie Lewellyn, deceased v. TNT Enterprises d/b/a Boothill Lounge and Leonard J. Pena,* No. 88 Civ.–30605 (9th Jud. Dist. Curry County 1990). In order to determine what is the state law on a given topic, a federal court sitting in diversity should look to the holdings of that state's highest court. *See Rippstein v. City of Provo,* 929 F.2d 576, 578 (10th Cir.1991). In the absence of guidance from the state's highest court, a federal court may look to lower court decisions. *Id.* A federal court may look to a state trial court's opinion as evidence of what the state court would do if faced with a particular question. However, the federal court is not bound by the state trial court's decision. *Id.* Therefore, although the cited case may offer some indication of a developing trend in the state district courts, I refrain from giving it precedential value on this issue. Furthermore, "[a] party who wants a court to adopt an innovative rule of state law should litigate in state rather than federal court (if it can; it cannot if the defendant removes the case to federal court). Federal judges are disinclined to make bold departures in areas of law that we have no responsibility for developing." *Afram Export Corp. v. Metallurgiki Halyps S.A.,* 772 F.2d 1358, 1370 (7th Cir.1985). Thus, plaintiff's claim for hedonic damages and loss of enjoyment of life is dismissed.

■ Plaintiff has also requested recovery of damages for pain and suffering. Such damages are recoverable for pain and suffering experienced between the time of the injury and death. *Stang v. Hertz Corp.,* 81 N.M. 348, 351, 467 P.2d 14, 17 (1970), *aff'g,* 81 N.M. 69, 463 P.2d 45 (1969). As I explained in *Valderaz,* "New Mexico courts have considered limitations injuries place on physical and social activities." *Id.* at 11. Thus, plaintiff may present evidence of these limitations as related to pain and suffering. However, loss of enjoyment of life cannot be pled as a separate element of damages distinct from pain and suffering. *Id.*

I also grant defendant's motion in limine to exclude evidence of Dr. Dillman concerning the "intrinsic value of life" as it relates to the loss of enjoyment of life. However, if plaintiff wishes to present Dr. Dillman as an expert witness she may do so providing that his testimony is in line with the elements set forth in UJI–CIV 13–1830.

■ Next, Plexco argues for summary judgment concerning damages for loss of parental guidance and counseling services. Plaintiff has not pled this as a separate element of damages. Presumably, plaintiff intends to offer such testimony pursuant to her claim for loss of services to the decedent's estate. Plexco argues that what plaintiff claims is equivalent to the loss of consortium which is not compensable in New Mexico between parent and child. In *Valderaz,* I determined that a child's loss of society and companionship with his parent is not compensable under New Mexico law. *Id.* at 8 and 9. I consider the loss of parental guidance and counseling services to be included in the concept of loss of society and companionship. Therefore, plaintiff may not present any evidence regarding this issue.

To summarize, Plexco's motion to dismiss plaintiff's claim for recovery for loss of decedent's enjoyment of life is granted. Plaintiff is not allowed to present evidence on the loss of parental guidance and counseling services. In addition, Plexco's motion to dismiss plaintiff's claim for punitive damages is denied.

IT IS SO ORDERED.