**MACKLANBURG–DUNCAN, MAGNETIC PERIPHERALS, INC., McDonnell Douglas Corporation, PPG Industries, Inc., Weyerhauser Company, and Wolverine Corporation, Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Continental Casualty Company, Home Indemnity Company, Interstate Fire & Casualty, and Stonewall Insurance Company, Defendants.**

No. CIV–92–1650–A.

United States District Court, W.D. Oklahoma.

March 29, 1993.

Michael D. Graves, Susan L. Gates, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, OK, for plaintiffs.

David K. Ratcliff, F. Thomas Cordell, Huckaby, Fleming, Frailey, Chaffi, Cordell, Greenwood & Perryman, Chickasha, OK, for Aetna Casualty and Surety Company.

Gary M. Chubbuck, June L. Chubbuck, Chubbuck, Bullard & Hoehner, Oklahoma City, OK, for Continental Casualty Company.

Timothy L. Martin, Brigid F. Kennedy, Looney, Nichols, Johnson & Hayes, Oklahoma City, OK, for Home Indemnity Company.

Eileen Morris, Duncan Parks, Elliott & Morris, Oklahoma City, OK, for Interstate Fire & Cas. Co.

Brenda K. Peterson, Donald R. Wilson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, Paul H. Seidenstock, Sheft & Sheft, New York City, for Stonewall Insurance Company.

## ORDER

ALLEY, District Judge.

On June 25, 1986, the United State Environmental Protection Agency ("EPA") filed a

civil action in the Western District of Oklahoma against Royal N. Hardage, the owner/operator of a waste disposal site in Criner, Oklahoma. *See United States v. Hardage,* 663 F.Supp. 1280 (W.D.Okla.1987) ("the Hardage Action"). Plaintiffs obtained a judgment against Double Eagle Refining Company ("Double Eagle") in the Hardage Action, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. §§ 9601 *et seq.*

The judgment in the Hardage Action represents Double Eagle's proportionate share of the costs to implement the cleanup of the Royal N. Hardage Industrial Waste Site ("the Hardage Site"). Thereafter, plaintiffs herein commenced this declaratory judgment action to determine whether insurance policies issued by defendants Aetna Casualty and Surety Company, Continental Casualty Company, Interstate Fire & Casualty Company and Stonewall Insurance Company to Double Eagle provide coverage to satisfy the judgment in the Hardage Action.

The matter now before the Court is the aforementioned defendants' Motion For Summary Judgment, pursuant to Fed. R.Civ.P. 56(c).[1] These defendants contend that they issued a comprehensive general liability insurance policy to Double Eagle Refining Company that contained a pollution exclusion clause, which eliminated coverage for pollution arising from Double Eagle's disposal of hazardous wastes at the Hardage Site. This Court has been presented with this issue in *Oklahoma Publishing Co. v. Kansas City Fire and Marine Ins. Co.,* 805 F.Supp. 905 (W.D.Okla.1992) ("OPUBCO"), and found that the language of the pollution exclusion clause in the insurers policies excludes property damage arising out of a discharge of pollutants on land.

The facts presented to a court upon motion for summary judgment must be construed in a light most favorable to the nonmoving party. *Board of Educ. v. Pico,* 457 U.S. 853, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982). If there can be but one reasonable conclusion as to the material facts, summary judgment is appropriate. Even under the standard that the Court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party there are cases where the evidence is so weak that the case does not raise a genuine issue of fact. *Burnette v. Dow Chem. Co.,* 849 F.2d 1269, 1273 (10th Cir.1988). As plaintiffs' claims are indistinguishable from those presented in *OPUBCO,* defendants' motion must be granted.[2]

Defendants Aetna Casualty and Surety Company, Continental Casualty Company, Interstate Fire & Casualty Company and Stonewall Insurance Company's Motion For Summary Judgment is GRANTED.

It is so ordered.

---

1. Defendant Home Indemnity Company anticipates a formal settlement of their claims against plaintiffs, so they do not join in this motion.

2. This Court is familiar with the subsequent ruling made on this issue by the District Court of Oklahoma County in *Kerr McGee Corp. v. Aetna Casualty and Sur. Co.,* No. CJ–89–2384. While

Judge Freeman's decision is entitled to consideration by this Court, it is not binding. *See Commissioner v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Rippstein v. City of Provo,* 929 F.2d 576, 578 (10th Cir.1991). In spite of the county court's holding, this Court believes that the reasoning and result reached in *OPUBCO* is sound and should remain intact.