# 2009 DTA 111

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL IV**

EDGARDO L. NOVOA Y SU ESPOSA VIOLETA I. SILVA VIDAL
Demandantes-Peticionarios

v.

SECRETARIO DE HACIENDA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Recurrido

Núm. KLCE-2009-00560

San Juan, Puerto Rico, a 6 de agosto de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Cotto Vives

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los peticionarios Edgardo L. Novoa y su esposa Violeta I. Silva Vidal (peticionarios) solicitan la revisión de la Sentencia emitida el 20 de febrero de 2009, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Previa solicitud del Secretario de Hacienda (Hacienda), dicho foro desestimó la demanda incoada por los peticionarios para impugnar la "Notificación Final de la Deficiencia" impuesta por Hacienda para el año contributivo del 2002, por alegadamente no cumplir dicha acción judicial con el requisito jurisdiccional de previa prestación de fianza.

Acogemos el escrito de *Certiorari* por ser éste el recurso apropiado para revisar las decisiones del Tribunal de Primera Instancia relativas a cualquier incidente de fianza en casos de deficiencia contributiva. 13 LPRA sec. 8022(a) (8).

### Antecedentes

Los acontecimientos de la causa de marras comenzaron el 7 de diciembre de 2002, cuando los peticionarios fueron notificados por Hacienda de una deficiencia en el pago de contribución sobre ingresos para el año 2002 (Ap., p. 39). La señalada deficiencia en el pago de contribución sobre ingresos para el año 2002 es de $140,950.90. Los peticionarios alegan que Hacienda ajustó erróneamente la planilla conjunta de contribución sobre ingreso de los peticionarios para el año 2002, al considerar como ingreso tributable un pago recibido por el Sr. Edgardo L. Novoa Colón y devengado en calidad de *quántum* reparador al momento de su despido como empleado de Popular Finance Corporation. La determinación de Hacienda estableció en $385,000.00 la cuantía por ingreso tributable de los peticionarios para dicho año 2002.

Antes de presentar la correspondiente demanda para impugnar la deficiencia impuesta, los peticionarios sometieron ante Hacienda una fianza mediante "scrow agreement". Pendiente su aprobación, el 8 de enero de 2008, los peticionarios presentaron ante el TPI la fianza como la demanda, alegando que la cantidad recibida por el Sr. Novoa como compensación por el despido no constituía ingreso tributable (Ap., p.1). **[1]** Junto con la presentación de la demanda, los peticionarios radicaron ese mismo día un "Escrow Agreement", expedido por UBS Trust Company of Puerto Rico (UBS), por la cantidad de $155,000, con el propósito de que éste constituyera fianza según lo requiere la Sección 6002 (a) del Código de Rentas Internas de Puerto Rico, 13 LPRA § 8022 (a) (2) (Sección 6002 (a)), y el TPI adquiriese jurisdicción (Ap., págs. 5-13).

El 17 de enero de 2008, la Secretaría Auxiliar de Apelaciones Administrativas del Departamento de Hacienda cursó carta a los peticionarios, informando que dicho documento no constituía fianza conforme a las dos disposiciones de la Sección 6002 (a), y el Artículo 6002(a)-3 del Reglamento 6924 del 30 de diciembre de 2004, emitido por Hacienda, para implantar las disposiciones de la Sección 6002 (a) de la Ley Núm. 120 de 31 de octubre de 1994, **[2]** según enmendada (Reglamento). En específico, Hacienda expuso que para cumplir con el requisito de fianza, el Reglamento requiere que el contribuyente complete el modelo SC-2840 ante un banco, (Ap., págs. 14-18) e incluyó copia SC-2840 para ser cumplimentado por los peticionarios.

El 26 de junio de 2008, los peticionarios radicaron ante el TPI una "Moción solicitando se acepte fianza a

tenor con las disposiciones de la Sección 6002(a) del Código de Rentas Internas", en la cual informan que la fianza prestada, "si bien no es idéntica a la referida forma SC-2840, cumple con el propósito de garantizar el pago de la contribución al Secretario de Hacienda...". (Ap., p. 3). Surge de autos que esta moción le fue notificada el 27 de junio de 2008 al Secretario de Justicia y al Departamento de Hacienda (Ap., págs. 19-22).

Así las cosas, el 8 de septiembre de 2008, Hacienda presentó ante el TPI una moción de desestimación, en la cual sin someterse a jurisdicción alegó que el "Escrow Agreement" prestado por los peticionarios no satisfacía los requisitos necesarios de presentación de fianza establecidos en el Reglamento. Alegó que al no cumplir con el requisito de estricto cumplimiento de prestar la fianza, según lo requiere la Sección 6002 (a), el foro de instancia carecía de jurisdicción para atender en el asunto. El 8 de septiembre de 2008, los peticionarios presentaron "Moción en Oposición a Solicitud de Desestimación", aduciendo que la desestimación no era uno de los remedios provistos estatutariamente por los incisos (4) y (5) de la Sección 6002 (a) del Código de Rentas Internas.

Por Sentencia archivada en autos el 26 de febrero de 2009, el TPI falló a favor de Hacienda por entender que el "Escrow Agreement" presentado por los peticionarios no cumplía con el requisito de cumplimiento estricto que exige el Modelo de fianza SC-6019, establecido por el Reglamento Núm. 6924 y en su consecuencia, carecía de jurisdicción para atender el asunto en los méritos (Ap., p. 44).

Los peticionarios solicitaron reconsideración de la Sentencia el 12 de marzo de 2009, exponiendo que conforme manda la Sección 6002 (a) (5) del Código de Rentas Internas, Instancia estaba obligada a celebrar vista para determinar si se debía modificar la fianza o radicar una nueva (Ap., p. 43). En virtud de Orden del 18 de marzo de 2009 (Ap., p. 56), el TPI determinó considerar la moción de reconsideración. El 6 de abril de 2009 y sin celebrar vista, el hermano foro de instancia reitero su dictamen al concluir que la fianza prestada era "insuficiente en ley y no se cumplió con el requisito jurisdiccional de prestar fianza" (Ap., p. 59).

Inconforme, los peticionarios acuden ante nos mediante petición de *Certiorari*, solicitando la revocación de la sentencia dictada por el TPI y se admita la fianza presentada, o en su defecto, ordene al TPI a celebrar una vista para dirimir las objeciones de Hacienda y se determine si es aceptable la fianza prestada, o exija otra con la forma y garantía que determine en su día. Como señalamiento de error, se aduce:

*"1. Erró el Tribunal de Instancia al determinar que el demandante incumplió con el requisito de prestar fianza por razón de que la misma no se ajustaba a los requerimientos del Secretario de Hacienda. La desaprobación de la fianza por el Secretario de Hacienda no conllevaba la desestimación de la demanda por falta de jurisdicción. El Tribunal de Instancia es el único llamado bajo la ley para determinar si la fianza prestada por el contribuyente es apropiada para garantizar el pago de la deficiencia notificada, o para requerir que se preste otra en la forma y con las garantías que determine luego de vista al efecto.*

*2. Erró el Tribunal de Instancia al no aceptar la fianza radicada por el demandante, puesto que el término que disponía el Secretario de Hacienda para interponer sus objeciones había expirado."*

Con el beneficio de los alegatos de ambas partes, procedemos a resolver.

**Exposición y Análisis**

**I**

Por estar imbricados, atenderemos los errores conjuntamente. La causa que origina el presente recurso corresponde al trámite de una demanda presentada ante el foro de instancia contra una determinación de deficiencia de Hacienda, conforme la Sección 6002 (a) del Procedimiento General de Tasación y Cobro de Deficiencias del Código de Rentas Internas de 1994, *Supra*. Los incisos (1), (2), (4), (5) y (8) de la Sección 6002 (a), 13 LPRA § 8022 (a) (1), (2), (4), (5) y (8), son los aplicables a esta causa y disponen lo siguiente:

*"(a) Notificación de deficiencia y recursos del contribuyente.*

*(1) Si en el caso de cualquier contribuyente el Secretario determinare que existe una deficiencia con respecto a la contribución impuesta por cualquier parte de este subtítulo, el Secretario notificará al contribuyente dicha deficiencia por correo certificado y el contribuyente podrá dentro de los treinta (30) días siguientes a la fecha del depósito en el correo de dicha notificación dentro de la prórroga que a tal fin le conceda el Secretario, solicitar de éste, por escrito, reconsideración de dicha deficiencia y vista administrativa sobre la misma. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuesto, o si habiéndola solicitado, se confirmare en todo o en parte la deficiencia notificada, el Secretario notificará por correo certificado en ambos casos, su determinación final al contribuyente con expresión del monto de la deficiencia original, de los intereses, de las penalidades y de la fianza que deberá prestar el contribuyente si deseare recurrir ante el Tribunal de Primera Instancia contra dicha determinación deficiencia...*

*(2) Cuando un contribuyente no estuviere conforme con una determinación final de deficiencia notificada por el Secretario en la forma dispuesta en la cláusula (1) de este inciso, el contribuyente podrá recurrir contra dicha determinación ante el Tribunal de Primera Instancia, presentando una demanda en la forma establecida por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza a favor del Secretario, ante éste, y sujeta a su aprobación por el monto expresado en la mencionada notificación de la determinación final; ...*

*Salvo lo de otro modo dispuesto en este inciso, tanto la prestación de la fianza por el monto expresado por el Secretario en la notificación de la determinación final, como la presentación de la demanda en el Tribunal de Primera Instancia, ambas cosas dentro del término anteriormente dispuesto, serán requisitos de índole jurisdiccional sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer del asunto.*

*(4) Si el contribuyente no pudiere prestar la fianza por el monto requerido por el Secretario, o no pudiere prestar fianza, o si habiéndola prestado por el monto requerido el Secretario la hubiere rechazado antes de la presentación de la demanda, el contribuyente podrá, no obstante, presentar su demanda en el Tribunal de Primera Instancia dentro del término anteriormente dispuesto, pero en tales casos deberá acompañar dicha demanda con una solicitud que será notificada al Secretario junto con la demanda, para que el tribunal reduzca el monto de la fianza, o le exonere de prestarla, o apruebe la fianza prestada, según sea el caso, exponiendo las razones que tuviere para ello. En los casos en que el contribuyente presenta una solicitud sobre reducción, exoneración o aprobación de fianza, el tribunal emitirá una orden para que el Secretario se exprese sobre lo solicitado. Dentro de los treinta (30) días a partir de la fecha en que fuere notificado de la orden o en cualquier otro término que el tribunal disponga, el Secretario deberá someter las objeciones que tuviere contra dicha solicitud del contribuyente, después de lo cual el tribunal celebrará una audiencia y oirá las partes sin entrar en los méritos de la deficiencia notificada y dictará resolución, bien sosteniendo el monto de la fianza requerida por el Secretario, bien reduciendo el mismo, bien exonerando al contribuyente de la prestación de fianza, o bien aprobando la fianza que rechazó el Secretario u ordenando al contribuyente que preste otra.*

*(5) Si el contribuyente hubiere prestado fianza por el monto requerido y antes de presentar su demanda dicha fianza no hubiere sido desaprobada, el Secretario tendrá término de treinta (30) días a partir de la fecha en que fuere notificado de la demanda para presentar ante el tribunal, con notificación del contribuyente, las objeciones que tuviere contra la fianza así prestada, y si dichas objeciones no fueren hechas dentro del término de treinta (30) días antes mencionado o de cualquier prórroga que a tal fin le conceda el tribunal, se entenderá que la fianza ha sido aprobada por el Secretario. Si el Secretario objetare dicha fianza, el tribunal emitirá una orden para que el contribuyente se exprese sobre la objeción presentada y, a petición del Secretario, el contribuyente vendrá obligado a divulgar información sobre su condición económica. Dentro de treinta (30) días a partir de la fecha en que fuere notificado de la orden, o en cualquier otro término que el tribunal disponga, el contribuyente deberá someter su contestación a dichas objeciones después de lo cual el tribunal celebrará una audiencia y oirá*

*a las partes sobre las objeciones a la fianza sin entrar en los méritos de la deficiencia y dictará resolución bien sosteniendo la fianza prestada por el contribuyente o bien exigiéndole que preste otra en la forma y con las garantía que el tribunal determine.*

...

*(8) Las decisiones del Tribunal de Primera Instancia sobre los méritos en cualquier incidente de fianza, así como sus decisiones conociendo o negándose a conocer de un asunto por alegado incumplimiento por parte del contribuyente de los requisitos establecidos en este inciso para que el tribunal pueda conocer del asunto, serán inapelables, pero cualquier parte afectada podrá dentro de diez (10) días a partir de la fecha en que fuere notificada de dicha decisión, solicitar una revisión de la misma por el Tribunal de Apelaciones mediante recurso de certiorari."*

A continuación, resumimos los requisitos del trámite ordinario sobre fianza, según los preceptos anteriormente citados: (1) Hacienda debe fijar en la notificación final de deficiencia el monto de la fianza que el contribuyente debe prestar para recurrir al TPI (sec. 6002 (a) (1), segunda oración); (2) la fianza no debe exceder el monto de la contribución más intereses sobre la diferencia por un año adicional, al 10% (sec. 6002 (a) (1), tercera oración); (3) la fianza tiene que radicarse ante el Secretario de Hacienda; y (4) ambos requisitos, la prestación de la fianza y la radicación de la demanda dentro del término para recurrir al TPI, son requisitos jurisdiccionales.

## II

El Código de Rentas Internas establece como requisitos jurisdiccionales para una acción de impugnación de deficiencia contributiva, que el contribuyente presente en tiempo hábil la demanda y la fianza en los términos allí establecidos. En específico, Hacienda alega que la fianza tiene que presentarse ante el Secretario de Hacienda, sujeto a su aprobación, antes de la demanda. 13 LPRA sec. 6002 (a) (2), *supra*; *Segarra, Jr. v. Srio. de Hacienda*, 94 DPR 168, 173 (1967). Entiende que de no cumplirse en dicho orden con estos requisitos, el TPI carece de jurisdicción para conocer del asunto y viene obligado a desestimar el caso, 13 LPRA sec. 8022 (a) (7), *supra*; *Srio. De Hacienda v. Tribunal Superior*, 103 DPR 896, 897 (1975). Hacienda apoya su argumento en que "[e]stos llamados 'requisitos jurisdiccionales' no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por lo tanto, deben ser cumplidos estrictamente, y en la misma forma que se ha exigido por el legislador." *Cafeteros de Puerto Rico v. Srio. de Hacienda*, 82 DPR 633, 641 (1983).

Según consta en autos, luego de que Hacienda rechazó la fianza el 17 de abril de 2008, los peticionarios presentaron demanda ante el TPI y notificaron al Secretario conforme a los procedimientos y términos establecidos en los incisos (1), (2), (3) y (4) de la Sección 8002 (a). La recurrida adujo que los peticionarios incumplieron con el inciso (2) de la Sección 6002 (a) al presentar la fianza simultáneamente con la demanda. Dicho inciso requiere que el contribuyente presente demanda dentro de los "30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza". Sugieren que el adjetivo "previa" indica que la fianza se tiene que radicar ante el Secretario y sujeto a su aprobación, antes de la radicación de la demanda, y no simultáneamente (Ap., p.14). Señala que tal incumplimiento automáticamente desprovee a los peticionarios de jurisdicción ante el TPI. En el presente caso, el contribuyente presentó el mismo día, y en término hábil, la demanda y la fianza. Analizada la Sección 6002 (a), no vemos cómo los hechos aquí presentes se distancian en tal medida e intensidad, como para considerar que los peticionarios incumplieron con un requisito jurisdiccional, que les despoje de su día en corte.

El hecho de que se presentara la fianza y la demanda el mismo día, en nada afectó que Hacienda pudiese considerar la validez de la fianza, y dentro de los términos dispuesto en ley, le remitiera a los peticionarios su opinión. Además, el 27 de junio de 2008, al momento de emplazar a la recurrida, los peticionario acompañaron

solicitud conforme el requisito jurisdiccional de los incisos (4) y (7) de la Sección 6002 (a).

Es un hecho que recibida la Notificación Final de Deficiencia, *supra*, los peticionarios cuentan con los 30 días improrrogables a partir del depósito en el correo de la referida notificación, para instar demanda contra Hacienda ante el TPI, con el propósito de impugnar la deficiencia determinada, según las exigencias de la primera oración del antes transcrito inciso (2) de la referida Sección 6002 (a). En contraste de los hechos que informa esta causa, surge que los peticionarios emplazaron a Hacienda el 27 de junio de 2008, y que esa misma fecha presentaron una moción solicitando del TPI que se aceptara como buena la fianza rechazada por Hacienda. Igualmente surge que a Hacienda le tomó hasta el 26 de agosto de 2008 para solicitar prórroga al TPI, es decir, pasado los 30 días que dispone la primera oración del inciso (5) de la Sección 6002 (a) para presentar objeciones contra la fianza. **[3]**

En su alegato, Hacienda argumenta que debido a que los peticionarios habían sometido como anejo a la solicitud que le sometieron al TPI el 27 de junio de 2008 copia de la fianza rechazada, no tenían entonces que cumplir con el inciso (5) de la Sección 6002 (a), que requiere del Secretario someter sus objeciones a la fianza dentro de los 30 días a partir de la fecha en que quedó notificado de la demanda (Escrito apelación de Hacienda, p.14).

Aunque el referido inciso dispone claramente que "el Secretario tendrá término de treinta (30) días a partir de la fecha en que fuere notificado de la demanda para presentar ante el tribunal, con notificación del contribuyente, las objeciones que tuviere contra la fianza así prestada". Lo cierto es que Hacienda quedó notificada de la demanda el 27 de junio de 2008 y no fue hasta el 26 de agosto de 2008 que solicitó prórroga al TPI porque según le indicó al TPI, el Departamento de Hacienda "aún se encontraba analizando la procedencia de las gestiones de cobro... por lo cual la evaluación preliminar que el Departamento de Hacienda necesita llevar a cabo para poder presentar adecuadamente su primera alegación responsiva, aún no ha terminado." (Ap., p. 23a).

Entendemos que tanto la presentación de la fianza por los peticionarios, el mismo día de la radicación de la demanda, como el atraso de Hacienda para presentar objeciones a la fianza según lo requiere el inciso (5) de la Sección 6002 (a), no tienen el efecto de privar de jurisdicción del tribunal para entender la validez de la fianza y por ende en la adjudicación del litigio en sus méritos. Más aún, cuando la ley dispuso procedimientos específicos para ello, cuando el contribuyente acude ante el foro judicial en el término jurisdiccional y el asunto de la aprobación de fianza todavía queda sobre el tapete.

Al así resolver, el TPI incidió en error. No sólo se declaró sin jurisdicción para atender el aspecto de la deficiencia, sino también para atender la validez de la fianza.

Como queda antes dicho, cuando se presentó la demanda junto con la fianza ante el TPI, todavía Hacienda no había pronunciado sobre la fianza y no fue hasta el 17 de enero de 2008 en que la rechazó y devolvió el documento. A tal fecha, la demanda y la fianza ya tenían 9 días de radicadas ante el TPI. Ante tales circunstancias, la antes mencionada Sección 6001 (a) (5) del Código Tributario requiere que el TPI atienda el asunto. El Profesor Meléndez Carrucini lo expone así:

*En estos casos, las siguientes normas rigen este trámite de la fianza, conforme al precepto antes citado:*

*"1) Formuladas oportunamente las objeciones ante el Secretario, el contribuyente debe contestar a dichas objeciones dentro de los 10 días a partir de la fecha en que le fueren notificadas las objeciones.*

*2) Luego de las objeciones y la contestación, el Tribunal señala y celebra una vista sobre el incidente de fianza.*

*3) Luego de la vista, el TPI emitirá resolución que puede ser con cualquiera de los siguientes pronunciamientos: a. Sosteniendo la fianza prestada, o*

*b. Ordenando que se preste otra"*. **[4]**

Referente a esta sección, Meléndez Carrucini explica que "si se prestó fianza por la cantidad requerida y se sostiene la objeción del Secretario de Hacienda en cuanto a la naturaleza de la fianza, como por ejemplo que la propiedad dada en garantía no tenga valor suficiente para respaldar adecuadamente la fianza, el Tribunal no puede archivar el caso. Debe ordenar entonces que se preste otra fianza." **[5]**

En el caso de autos, Hacienda desaprobó la fianza del peticionario mediante carta del 17 de enero de 2008, *supra*. Fue entonces que el Secretario le indicó al peticionario que conforme al Artículo 6002 (a)-3 del Reglamento, requería que el contrato de fianza se conformara al Modelo SC 2840. De este modo, Hacienda proveyó al los peticionarios el Modelo SC-2840, anejado a la comunicación. Hacienda argumentó, en síntesis, cuatro deficiencias en el "Escrow Agreement" sometido por el peticionario: (1) que UBS no constituía un banco conforme la Ley Núm. 55 de 12 de mayo de 1933; (2) que el "Escrow Agrement" no especificaba qué tipo de valores representaban los fondo depositados; (3) que UBS mantenía un gravamen sobre los fondos depositados, interpretando el contrato de acuerdo a las leyes del estado de Nueva York "derrotando una vez más el propósito de que el cobro de contribuciones quede asegurado"; y por último, (4) que no se presentó un segundo formulario SC-6019 de "Fianza para garantizar el pago de contribuciones, intereses y penalidades de acuerdo al Reglamento (Ap., p.15).

Hacienda alega que UBS, institución financiera que garantizó el "Escrow Agreement", no puede ser considerada como un banco según la Ley de Bancos, toda vez que se denomina como un "Trust Company". De acuerdo a la Ley de Bancos de Puerto Rico, Ley. Núm. 55 de 12 de mayo de 1993 (Ley de Bancos), aplicable tanto a bancos domésticos como extranjeros, define a un banco doméstico como una corporación con "suficiente capital, autorizado por la ley para recibir depósitos en efectivo o valores, abrir créditos y cuentas corrientes y de ahorros, hacer préstamos, descontar giros, pagarés u otra clase de valores negociables... y en general en toda clase de negocios bancarios." Como se sabe, los bancos y fideicomisos son instituciones financieras que operan en nuestra sociedad, muchas veces bajo un mismo techo y se encuentran reguladas por el Estado. Generalmente, las inversiones de una corporación con poderes bancarios la convierten en un banco, no importa cuál sea el nombre de la institución. *State of Kansas ex rel. Boston v. Hayes*, C.C.A. Kan., 62 F.2d 597, 601. El hecho de que se llame "Trust Company" no la previene de ser un banco, pues posee y ejercita los mismos poderes bancarios. *Idem*.

Para los efectos de otorgar una garantía de fianza, ambas instituciones ofrecen similares servicios y garantías a la población. En la medida en que el "Escrow Agreement" por la cantidad de $155,000.00 no merme en su valor original, la recurrida no debe tener queja reconocible como válida, pues tampoco merma su garantía que es precisamente el propósito que con dicho documento busca la ley. Además, la Sección 8023 del Código de Rentas Internas, 13 LPRA § 8023, ni el Reglamento, limitan o definen las instituciones financieras cuyos contratos de fianza no serán válidos ante Hacienda.

Reconocemos que aunque toda Secretaría de gobierno viene en la obligación de auxiliar a la ciudadanía en todo trámite burocrático, el Secretario de Hacienda, reconociendo la obligación del contribuyente de cumplir no solamente con el Código de Rentas Internas, sino también con el Reglamento interpretativo 6924, *supra*, no debe utilizar el Modelo SC-2840 como espada para derrotar e impedir que el contribuyente pueda acudir al foro judicial, para resolver controversias fiscales. Debido a que el Reglamento es indispensable para la aplicación de la ley, de igual forma que el Secretario de Hacienda viene obligado, y de hecho, auxilia al contribuyente con el formulario de planillas de contribuciones sobre ingresos, tiene también la obligación de auxiliar al contribuyente en trámites como el presente, inclusive suministrado los formularios SC-2840 y SC-6019, en el curso de epígrafe y así subsanar los detalles de forma, si alguno, que puedan separar la fianza prestada por el contribuyente y la que reclama el Secretario de Hacienda.

El hecho de que un contribuyente presente fianza en término, pero sin cumplir con el requisito meramente

formal de haber llenado el Modelo pro forma SC-2840, no puede implicar ventaja para el Secretario, como para afectarle a los peticionarios acceso a la justicia. No considerar este aspecto sería un contrasentido jurídico. La fianza no puede ser concebida como estorbo o impedimento para que al contribuyente se le haga más difícil cuestionar la imposición tributaria. Ello es anatema a la esencia del proceso judicial. El asunto, en su última esencia, trata de un alegado problema de insuficiencia que no afecta el propósito válido de la fianza. De constituir deficiencia es enteramente subsanable.

Como se sabe, nuestro ordenamiento jurídico favorece que los pleitos sean vistos en sus méritos. El tecnicismo legal no puede cobrar vida propia, pues sólo sirve para facilitar el debido trámite. El propósito que se persigue es que toda persona tenga fácil acceso a la justicia. *Román et al v. Román et al*, 158 DPR 165 (2002); *Soc. de Gananciales v. García Robles*, 142 DPR 241, 259-260 (1997). Por ello, son reducidas las instancias en que los tecnicismos legales que pueden ser fácilmente subsanados, son capaces de impedir la dilucidación de las controversias planteadas.

La falta de jurisdicción sería insalvable si los peticionarios no hubieren presentado la demanda y la fianza ante el TPI en la forma establecida por el inciso (2) de la Sección 6002 (a), que requiere la radicación dentro del término de 30 días a partir de la fecha del depósito en el correo de la determinación del Secretario. Los peticionarios cumplieron con tales términos jurisdiccionales. El dato de que el "Escrow Agreement" no fuera aceptado por Hacienda como fianza válida, por no acompañarse con el Modelo SC-2840, a lo sumo es catalogable como una insuficiencia subsanable.

El tema de la suficiencia ha sido contemplado en nuestra jurisdicción. En el ámbito criminal, un error de forma no constituye violación alguna al derecho de un apelante a un juicio justo e imparcial. Esto debido a que los cambios necesarios para completar la suficiencia de la acusación, en nada alteran los hechos por los que se denuncia al apelante. En la misma dirección, la Regla 4.9 de Procedimiento Civil, 32 LPRA Ap. III., provee para que en cualquier momento, a su discreción y en los términos que crea justos, el tribunal de instancia está facultado para permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, salvo que se demuestre claramente que hacerlo perjudicaría sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento. *Negrón v. Departamento de Servicios Sociales*, 105 DPR 873 (1977).

Los errores técnicos son subsanables por el tribunal, *Colón Gandía v. Tribunal Superior*, 93 DPR 225 (1968); si no se puede demostrar que ello causaría perjuicio sustancial a la parte contra quien se expidió. *Sociedad de Gananciales v. Tribunal Supremo*, 85 DPR 892 (1962).

En el caso ante nos se cumplió con el término y cuanto menos se presentó sustancialmente la fianza que garantiza al Secretario de Hacienda. El incumplimiento, si alguno, es puramente formal, al obviar conformar el contrato titulado "Escrow Agreement" con el Modelo SC-2840, exigido por Reglamento. Se trata de una insuficiencia subsanable, que no causa nulidad absoluta en la fianza, meramente su anulabilidad, si la parte se cruza de brazos y no la subsana prontamente. Precisamente, para tales situaciones es que el propio Reglamento de Hacienda cuenta con la ya mencionada Sección 6002 (a) (5). Inclusive, puede darse el caso que luego de prestada una fianza por compañía de fianza debidamente autorizada, con el cursar del tiempo y el litigio, la afianzadora abandone la jurisdicción o pierda su licencia, lo que ha sucedido, y es enteramente subsanable mediante la correspondiente sustitución.

Como se sabe, "la nulidad radical, es aquella imperfección del contrato que impide a éste, *ipso jure*, producir sus efectos propios [, ...] y, por tanto, no engendra ni modifica ni extingue la relación obligacional a que el mismo se refiera." Castán Tobeñas J., *Derecho Civil Español, Común y Foral*, T. III, ed. decimosexta, 1992, págs. 762 y 766.

Nuestro Código de Contribuciones Sobre Ingresos ha sido adoptado del sistema federal, desde el 1913. G.

Meléndez Carrucini, *Ingreso Tributario: Inclusiones y doctrinas*, Instituto de Contribuciones de Puerto Rico, 1991, a las págs. 13 y 115. Por consiguiente, la jurisprudencia federal concerniente al tributo sobre ingresos es de gran valor para la interpretación de nuestros estatutos. En dicha jurisdicción se ha determinado que no viola el derecho constitucional federal a juicio por jurado el que un estatuto requiera de una fianza como prerrequisito para instar demanda contra una determinación administrativa de deficiencia en la fianza ante un tribunal, *Buckholts Independent School Dist. v. Glaser*, 632 Sw2d 146. Varias jurisdicciones federales han reconocido que ante insuficiencia en la fianza, los tribunales pueden permitir que los peticionarios las enmienden *nunc pro tunc*. [6] Esta tendencia ha sido acogida por muchas jurisdicciones y se ha visto frustrada, en su mayoría, en las jurisdicciones que requieren que los litigantes presenten una fianza para cubrir los **gastos del litigio**, Susan L. Parsons, *Taxpayers´ Suits: Standing Barrier and Pecuniary Restraints*, 59 Temp. L.Q. 974 (1986), situación última distinguible y que no ocurre de nuestra jurisdicción. Tal norma persigue facilitar la defensa del contribuyente, ante los excesos del fisco y su amplio poder burocrático.

En el Tribunal de Apelaciones para el Segundo Distrito de los Estados Unidos, es siempre preferible permitir a los peticionarios el acceso a los tribunales de justicia, antes que desestimar la causa en sus méritos, por un defecto técnico en la fianza. *Pike v. Gunyou*, 488 NW2d 298 (1992). En el caso de *Tupy v. Oremus*, el Tribunal de Apelaciones de Illinois reconoció que los estatutos bajo el Código tributario de esa jurisdicción, que requieren que la fianza cumpla con requisitos específicos, no pueden ser prerrequisitos para impedir la consecución del caso en sus méritos. *Tupy v. Oremus*, 105 Ill. App.3d 932 (1982) En *Zinder v. Cook*, caso decidido por la Corte Suprema de Utah en el 1984, se denegó la solicitud de desestimación presentada contra un contribuyente por alegadas insuficiencias al requerimiento de fianza, según dispuesto por los estatutos de ese estado, ya que tales deficiencias podían ser subsanadas. *Zinder v. Cook*, 688 P2d 496 (1984).

Según el derecho expuesto y aplicado al caso de marras, el Tribunal de Primera Instancia debió celebrar una vista evidenciaria para atender la "Moción solicitando se acepte fianza a tenor con las disposiciones de la Sección 6002 (a) del Código de Rentas Internas", *supra*. Al no hacerlo, erró al no cumplir con lo pautado por el legislador en tales circunstancias. Si el TPI concluye, luego de dar oportunidad a las partes a presentar evidencia pertinente a la suficiencia de la fianza requerida por el estatuto, que aún así la prestada resulta insuficiente, dicho foro concederá al demandante un término para sustituir la fianza. De entonces no cumplir el peticionario, podrá el TPI desestimar la causa por falta de jurisdicción.

## Dictamen

Conforme a lo expuesto, expedimos el auto de *Certiorari* solicitado y revocamos la Sentencia recurrida. Una vez la presente advenga final y firme, la Secretaria devolverá el mandato al TPI para continuación de trámite, conforme a lo aquí pautado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

**ESCOLIOS 2009 DTA 111**

1. El Secretario de Hacienda y el Secretario de Justicia fueron emplazados aproximadamente cinco meses después de radicada la demanda, el 27 de junio de 2008 (Ap., págs. 19-22).

2. Hoy, Sección 8022 (a), según 13 LPRA § 8022 (2008).

3. "[E]l Secretario tendrá término de treinta (30) días a partir de la fecha en que fuere notificado de la demanda para presentar ante el tribunal, con notificación del contribuyente, las objeciones que tuviere contra la fianza así prestada, y si dichas

objeciones no fueren hechas dentro del término de treinta (30) días antes mencionado o de cualquier prórroga que a tal fin le conceda el tribunal, se entenderá que la fianza ha sido aprobada por el Secretario." Sección 8022 (a) (5). *Supra*.

**4.** G. Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico: Apelaciones Administrativas y Judiciales*, Instituto de Contribuciones de Puerto Rico, 1981, a la pág. 239.

**5.** *Idem*, págs. 239-240.

**6.** En *Burns v Watertown* (1925) 213 NYS 90, la Corte Suprema del Estado de Nueva York decidió que "an irregularity or defect in the filing of security could be corrected by execution and filing *nunc pro tunc* of a bond complying with the statute." Este caso también estableció claramente que los tribunales del estado de Nueva York tenían jurisdicción para permitir enmiendas a la fianza sometida en tiempo por un peticionario. Más recientemente, en *Vinnie Montes Waste System, Inc. v. Town of Oyster Bay*, ésta misma Corte decidió que "[u]nder General Municipal Law, a bond thus must not be furnished as a prerequisite to comencing a taxpayer action, failure to post the bond nevertheless is not fatal inasmuch as this is requirement is curable *nunc pro tunc*." 567 N.Y.S. 2d 335 (Sup 1991). La primera decisión que movió a los tribunales a abrir el acceso a sus foros cuando los defectos en la fianza para este tipo de pleitos no cumplían a cabalidad con los tecnicismos de la ley, fue el caso de *Wadsworth v. Edwin* de 1925, *Infra*. Su opinion verso como sigue: "[w]here a defective bond has been furnished, a new bond or undertaking for cost may be filed to cure the defects even after the time for filing has expired since the substantial rights of the litigants are not thereby affected., 210 N.Y.S. 122 (Sup 1925).